UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | Crim. No. 17-89 (EGS) |
| v. | ) ) ) | |
| CLARK CALLOWAY | ) ) ) | |

**DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS**

Defendant Clark Calloway, through undersigned counsel, respectfully submits his Reply to the Government's Opposition to Defendant's Motion to Dismiss.

It is undisputed that the government aggressively investigated Mr. Calloway by using three informants to foster relationships based on Islamic fundamentalism with the objective of having him commit a crime. When Mr. Calloway did not commit a crime and only talked about acquiring a firearm, it took the concerted work of the FBI and of two of the informants to help bring about the commission of the crime.

Mr. Calloway's position is that the government contrived the crime and extracted three offenses from one discreet criminal event. Based on his own actions Mr. Calloway demonstrated an inability to procure the AK-47. Ironically, the confidential informant apparently had no difficulties in obtaining an assault weapon. That individually enthusiastically had himself photographed with the assault weapon. To the government it's of no moment that their confidential informant who was not supposed to have a gun procured one, and a lethal one at

1

that.  Mr. Calloway relies on <u>United States v. Russell</u> 411 U.S. 423 (1973) for the proposition that the government's conduct went beyond offensive, and was sufficiently outrageous to warrant dismissal of the indictment.

    **I.**    **Mr. Calloway's Prior Criminal History**

In their mission to paint Mr. Calloway in the worst light, they stretch his criminal history beyond any factual accuracy. According to the government, Mr. Calloway has "long standing history of committing violent crime and using weapons" (Gov. Opp at 2).  Noteworthy is that the three count indictment does not make him a Career Offender under the federal sentencing guidelines. See USSG § 4B1.1  Nor does his temporary possession of the AK-47 implicate the Armed Career Criminal Act subjecting him to a fifteen year mandatory minimum. See 18 U.S.C. § 924( c). Equally remarkable is that Mr. Calloway's criminal history is at worst a III. See ECF No. 19, P.8 fn.1

The driving force behind the criminal history category III is a 2002 conviction. That is Mr. Calloway's only felony conviction that qualifies as a crime of violence. Mr. Calloway was 23 years old when he committed that offense over sixteen (16) years ago. Yet, undeterred by the facts of Mr. Calloway's history the government insists on painting him as the person who has a history of using weapons,

    **II.**    **Mr. Calloway's social media posts did not present a legitimate threat.**

Similarly, the government's exaggerated portrayal of the danger that Mr. Calloway presented online would be supported if they could point to at least one instance where Mr. Calloway communicated with a known terrorist.  Nor can the government point to a plan that

Mr. Calloway had devised. They cannot and never will, which is why their opposition is devoid of anything beyond the same empty statements Mr. Calloway made on Facebook and to the confidential informants.

In the face of those empty words, and none existing threats, the government resorted to informants to complete the self-serving investigation. Finally, the fact Mr. Calloway was in the United States Marine Corps adds nothing to the exaggerated pending violence that Mr. Calloway presented. The quote that Mr. Calloway "command[ed] a small unit of warriors" who were ready to strike at his command is yet another example of empty boasts that the government easily verified as much. Certainly the government cannot point to a single communication from Mr. Calloway to any of the "small unit of warriors." No such warrior has been arrested or charged because no such warrior every existed.

### III. Mr. Calloway's momentary possession of the government's AK-47 cannot satisfy the elements the underlying offense of Count One of the Indictment.

Mr. Calloway's statements about shooting at Metropolitan Police Officers, while sensational and boastful do not in anyway rise or equal to the evidence the government presented in prosecuting Gregory C. Krug, the case cited by the government. Gov. Opp at 21. Krug was convicted for a violation of 18 U.S.C.§ 924(b) based on his transportation in interstate commerce of a firearm that he had concealed in luggage. The underlying offense of section 924(b) was the intent to commit the murder of Ronald Bauer, a California State Judge with the firearm, the silencer and ammunition that were recovered in his luggage. Krug at 277. The Court in Krug found sufficient evidence based on Krug's possession of the following regarding Judge Bauer; a "file" on him, "pictures of [Judge Bauer's] house," "handwritten directions" to Judge Bauer's

house and "maps of the surrounding area" of Judge Bauer's house. Id. In addition Judge Bauer's daughter testified that she had seen Krug take pictures of their home. Id. Finally, the jury learned of an "earlier plan" that Krug had devised in killing Judge Bauer.

There is no such evidence that Mr. Calloway conducted surveillance of any police station that he was in contact with others to attack the police station that he planned in detail and in writing how he was going to attack the police stations all over America. Under the government's theory, the underlying crime of 18 U.S.C. § 924(b), the assault with a deadly weapon, which enumerates specific elements, is immaterial. The government's strained parsing of United States v. Trevino is in vain.  Tevino stands for the proposition that the elements of the underlying offense, here the District of Columbia of Assault with a Deadly Weapon, have to be met. The evidence of Mr. Calloway momentarily possessing the AK-47 can never satisfy any of the four elements of 22 D.C. Code § 402.

                                            Respectfully submitted,

                                            A. J. KRAMER
                                            FEDERAL PUBLIC DEFENDER


                                            _____/s/_____
                                            Carlos J. Vanegas
                                            Assistant Federal Public Defender
                                            On Behalf of Clark Calloway
                                            625 Indiana Avenue, N.W.
                                            Washington, D.C. 20004
                                            (202) 208-7500