# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL NO. 17-CR-089 (EGS) |
| v. : | |
| : | |
| CLARK CALLOWAY, JR., : | |
| : | |
| Defendant. : | |

**GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN AID OF SENTENCING**

Pursuant to this Court's Order of March 21, 2019, the United States submits the following Supplemental Memorandum in Aid of Sentencing. This memorandum seeks solely to identify and discuss relevant case law and briefing on the application of U.S. Sentencing Guidelines (U.S.S.G.) enhancement § 2K2.1(b)(6)(B), and upward departure principles.

*U.S.S.G. §2K2.1(b)(6)(B) is Directly Applicable*

As has been argued in prior briefs and orally to the Court, there is no comment, policy, or application note that indicates that U.S.S.G. §2K2.1(b)(6)(B) is inapplicable where a defendant has been convicted of a violation of 18 U.S.C. §924(b). Additionally, the government previously identified a number of cases where courts have applied this enhancement where the firearm was possessed with intent to commit a future felony offense that was never attempted or at least never completed. The government has further identified the following cases where courts have applied the same enhancement in similar circumstances:

United States v. Henry, 2012 WL 5881848 at *2-*4 (E.D. Pa. Nov. 21, 2012), aff'd 425 Fed. Appx. 116 (3rd Cir. 2011): court applied the enhancement (previously located at U.S.S.G. §2K2.1(b)(5)) where defendant obtained an AR-15 weapon with intent to kill a prosecutor, but

1

did not commit further acts to follow through on threats to the prosecutor. The court found, "the Third Circuit has explicitly stated that an enhancement under . . . §2K2.1(b)(5) is proper when, as is the case here, the Court finds that a firearm was possessed or transferred 'in connection with' a future crime." Id. (citing United States v. Dupree, 388 Fed. App'x 164, 167-69 (3rd Cir. 2010)).

United States v. Molle, 2006 WL 1889979 at *2 (E.D. Va. July 7, 2006): court recognized applicability of the enhancement located formerly at U.S.S.G. §2K2.1(b)(5) where a defendant who possessed a firearm with intent to transfer the weapon to the Irish Republican Army (IRA) -- who would have used then used firearm in another felony offense -- but where the defendant was arrested almost immediately after receiving the weapon from undercover officers. In that case, the government did not specify the specific future felony.

United States v. Salah, 1998 WL 767463 at *1-2 (E.D. Pa. Nov. 3, 1998): court recognized that the enhancement located formerly at U.S.S.G. §2K2.1(b)(5) applied to case where the defendant possessed a Molotov cocktail (which is included in the term firearm under 26 U.S.C. §5845(a)(8)), with the intent to commit arson against a drug dealer, but where the future crime did not occur. The Court denied an ineffective assistance of counsel claim, finding that the "enhancement was so clearly applicable, the absence of an objection resulted in no prejudice to the defendant since the enhancement would have been applied even without an objection."

*Courts Regularly Depart Upward Where Defendant's Intend to Commit Spectacular, Destabilizing Violent Attacks*

The government also recognizes that courts have consistently departed upward in firearm cases when a defendant intended to commit significant, and destabilizing violent acts, but was thwarted or captured before such crimes could occur. The Henry case above (United States v.

Henry, 425 Fed. Appx. 116, 121 (3rd Cir. 2011)) is instructive. There, in a case involving a firearms conviction, the Court of Appeals approved of a district court's two level upward departure under the catchall U.S.S.G. § 5K2.0 where the defendant possessed an AR-15 with the intent to use it to kill a federal prosecutor. The defendant did not attempt to shoot the prosecutor, nor was the prosecutor the victim of the defendant's offense of conviction. The Court of Appeals nonetheless affirmed the District Court's use of the departure, even where the District Court had imposed an additional enhancement under U.S.S.G. §2K2.1(b)(5).

A review of the dockets of the cases identified by the defendant (sent by defense counsel via email to Chambers on March 13, 2019) actually prove the appropriateness of the upward departure in these types of cases:

(1) In United States v. Abu-Rayyan, 2017 WL 1279226 (E.D. Mich. 2017), the Court sentenced the defendant with an upward departure of 60 months incarceration where the original guideline range was 15-21 months. The resulting sentence shows a ten level upward departure from the original guideline range.

(2) In United States v. Daniel Seth Franey, 16-CR-05073 (W.D. Wash.) the Court sentenced the defendant with an upward departure of 72 months incarceration where the original guideline range was 33-41 months. The resulting sentence shows a six level upward departure from the original guideline range.

(3) In United States v. Miguel Moran Diaz, Case No. 15-20264 (S.D. Fla), the Court sentenced the defendant with an upward departure of 120 months incarceration where the original guideline range was 33-41 months. The resulting sentence shows a ten level upward departure from the original guideline range.

(4) In <u>United States v. Shah</u>, 2012 WL 1098387 (S.D. Tex.), the Court sentenced the defendant with an upward departure of 78 months incarceration where the original guideline range was 15-21 months. The resulting sentence shows a twelve level upward departure from the original guideline range.

(5) In <u>United States v. Fawzi Mustapha Assi</u>, Case No: 98-80695 (E.D. Mich.), the Court sentenced the defendant with an upward departure of 120 months incarceration where the original guideline range was 33-41 months (before application of an upward departure under U.S.S.G. §3A.1.4). The sentence shows a six level upward departure from the pre-terrorism enhacement guideline range.

(6) In <u>United States v. Joshua Ryne Goldberg</u>, Case No: 17-249 (M.D. FL) the Court sentenced the defendant to 120 months incarceration where the original guideline range was 33-41 months (before application of an upward departure under U.S.S.G. §3A.1.4). The resulting sentence shows a six level upward departure from the pre-terrorism ehnacement guideline range.

In sum, the government believes that an upward departure from the U.S.S.G. is warranted in this case. The government believes the ultimate and appropriate sentencing guideline range is this case is level 28, with Criminal History Category III, which has a guideline range of 97 to 121 months.

### Conclusion

The government believes U.S.S.G. §2K2.1(b)(6)(B) is applicable, that upward departure is appropriate, and the Court should sentence the defendant to 120 months incarceration.

Respectfully submitted,

Jessie K. Liu
United States Attorney

By:    /s/
Jeff Pearlman
D.C. Bar No. 466-901
Tejpal S. Chawla
D.C. Bar. No. 464-012
Assistant United States Attorneys
555 4th Street, N.W.
Washington, D.C. 20530
202-252-7228 (Pearlman)
202-252-7280 (Chawla)
Jeffrey.pearlman@usdoj.gov
Tejpal.Chawla@usdoj.gov