UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CRIMINAL NO. 17-CR-089 (EGS)** |
| v. | : | |
| | : | |
| **CLARK CALLOWAY, JR.,** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S POSITION
ON SEPTEMBER 16, 219 ORDER**

On September 16, 2019, the Court directed the parties to brief the following issue: "Whether the fact that Mr. Calloway stated that he 'honestly [doesn't] remember ever saying [he] was going to a police station and doing anything with a weapon' creates a factual dispute that the Court must resolve in order to rule on the government's motion for upward departure." On September 23, 2019, the government filed its response ("Government Memorandum"). ECF No. 46. On September 30, 2019, the defense filed its Position on September 16, 2019 Order ("Defendant Memorandum"). ECF No. 48. The Court had ordered the government to file a reply by no later than October 7, 2019.[1]

---

[1] The Court further indicated that the government shall file a reply to its supplemental sentencing memorandum in response to the Court's Minute Order of March 19, 2019, as part of the government's October 7, 2019 submission. The government had reviewed and considered the defendant's June 17, 2019 submission (ECF No. 45), which included some citation to case law applying the specifical departure principles at issue, but believed that the defense's cases were not applicable, or the defense acknowledged that the cases were not directly on point. For example, the defense cited United States v. Kikumuru, 918 F.2d 1084 (3rd Cir. 1990) (abrogated on other grounds), see ECF No. 45 at p. 4, as an example of an appropriate upward departure,(when the defendant traveled to Lebanon for explosives training and made statements show his intent), though the Third Circuit for the Court of Appeals did not limit departures to those facts. Similarly the defense cites a number of cases showing that U.S.S.G. § 5K2.6 is appropriate where the

1

As fully explained in the Government Memorandum, the defendant's lack of memory of his statements to CHS3 during his guilty plea does not create a factual dispute, where the matter was a recorded conversation with CHS3 that the defendant has never disputed. Despite the Defendant Memorandum's statement that a factual dispute exists, the Defendant's Memorandum the defendant's brief devotes not a word to the defendant's conversation with the CHS concerning a police station. Nor does the brief provide any clarifying information from the defendant about what about the meaning of that conversation. Instead, a reasonable reading of the Defendant Memorandum is that the defendant continues to characterize the significance of the overall evidence demonstrating the defendant's intent to attack law enforcement as the "dispute."[2] The government therefore views as undisputed the issue as whether the defendant uttered the

---

guideline does not account for the dangerousness of the weapon, or when it was discharged or brandished, see ECF No. 45 at pp. 6-7, but these cases do not limit the guideline to those instances This is also true of the defendant's case citations regarding U.S.S.G. §5K2.9. which fully support the government's position that the departure is applicable where the defendant intended to commit another felony offense, see ECF No. 45 at pp. 8-9, and U.S.S.G. §5K2.14, which also support's the government's position that a departure is appropriate if the defendant intended to commit a crime endangering the public welfare, see ECF No. 45 at pp. 9-10.

As such, the government believes that the case law at issue relating to U.S.S.G. § 2K21(b)(6)(B) and related departure principles have been fully briefed with its Supplemental Memorandum in Aid of Sentencing, filed on May 15, 2019, ECF No. 44, and that the defendant's cases do not cast doubt on the government's legal analysis. For that reason, the government did not consider a reply necessary, but inadvertently did not notice that the Court clearly stated that the government was obligated to file one. The government apologizes and now states that it provided the entirety of its relevant case law and briefing in its Supplmental Memorandum and continues to rely on those authorities.

[2] The government disagrees with the defenda.nt's suggestions that he was somehow was entrapped, Defendant Memorandum at 1-2, or lacked the intent to do anything when he took the AK-47 into his hands, id at 2-3. These sugggestions are utterly negated by his knowing and voluntary plea to 18 U.S.C. § 924(b).

(recorded) statements attributed to him by the government, and that sufficient evidence exists separate from those statements to support an upward departure as the government has advocated.

Respectfully submitted,

Jessie K. Liu
United States Attorney

By: _____/s/_____
Jeff Pearlman
D.C. Bar No. 466-901
Tejpal S. Chawla
D.C. Bar. No. 464-012
Assistant United States Attorneys
555 4th Street, N.W.
Washington, D.C. 20530
202-252-7228 (Pearlman)
202-252-7280 (Chawla)
Jeffrey.pearlman@usdoj.gov
Tejpal.Chawla@usdoj.gov