**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **Crim. No. 17-89 (EGS)** |
| **v.** | ) | |
| **CLARK CALLOWAY** | ) | |

**<u>DEFENDANT'S RESPONSE TO THE GOVERNMENT'S SUBMISSION</u>**

Undersigned Defendant Clark Calloway, through undersigned counsel, respectfully submits his response to the Government submission filed on October 21, 2019.

1. On October 10, 2019 the parties appeared before the Court for a Status Conference. During the hearing various issues were discussed including statements made by Mr. Calloway from recorded conversations, texts and Facebook posts that the government was relying in support of sentencing enhancements. The Court then ordered orally and then by Minute Entry for the government to submit a "Listing of Any and All Statements It Plans to Introduce by Way of Proffer or Otherwise To Support Its Request for Enhancement." .

2. On October 21, 2019 the government filed its submission, titled "Third Supplemental Memorandum in Support of Sentencing". The government submission is twenty-two pages long and begins with a statement Mr. Calloway posted on Facebook on December 31, 2014. Twenty-one pages later the government ends with statements Mr. Calloway allegedly made to W-7 in the Central Detention Facility. The government has referenced this laundry list of statements beginning with the Criminal Complaint (ECF No. 1) filed on May 5, 2017, in its Detention Memorandum (ECF. No. 3), in its Opposition to Defendant's Motion to Dismiss (ECF. No. 29), and in its Sentencing Memorandum (ECF. No. No 38).

3. Undersigned counsel has never questioned the accuracy of Mr. Calloway's Facebook posts that the government has repeatedly referenced in their filings. During the October 10, 2019 hearing, undersigned counsel stated as much. Likewise undersigned counsel does not dispute the statements attributed to Mr. Calloway when he was being secretly recorded by the confidential informants. However, the statements were made in the course of conversations that focused on other topics that had nothing to do ISIS, violence, race war, kuffars and rednecks. The government has followed a familiar pattern of lifting and referencing only the damaging statements and strung them along as though that was the sole focus or content of Mr. Calloway's conversations.

4. One example which is central to the government's request for an enhancement is the conversation between Mr. Calloway and the informant that took place on April 28, 2017. See ECF 51, ¶ 21. Undersigned counsel agrees that the government has accurately quoted, verbatim, the discussion between the informant and Mr. Calloway. However, before getting to the quoted text, Mr. Calloway talks avidly about his Ghanaian neighbors, about North Korean leader Kim Jong Un and the fact that he keeps firing missiles. The conversation then briefly veers to the referenced text. Immediately thereafter, the conversation veers into Mr. Calloway's cellphone brand. That is essentially the contextual framework of most of the recordings that the government has culled and meticulously presented in their filings.

5. Mr. Calloway disputes the accuracy of any statements attributed to him by incarcerated individuals, including and specifically W-7. He does not dispute the content of his conversation with W-4.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

__________/s/________________
Carlos J. Vanegas
Assistant Federal Public Defender
On Behalf of Clark Calloway
625 Indiana Avenue, N.W.
Washington, D.C. 20004
(202) 208-7500