UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL NO. 17-CR-089 (RJL) |
| v. | : | |
| | : | |
| CLARK CALLOWAY, JR., | : | Sentencing Date: February 25, 2026 |
| | : | |
| Defendant. | : | |

### SENTENCING MEMORANDUM FOR HEARING ON VIOLATION

The United States, through counsel, files this memorandum in aid of sentencing. As discussed further herein, the government requests that the Defendant's supervised release be revoked and he be re-sentenced to an additional period of supervised release.

**Background**

Mr. Calloway was originally sentenced to 84 months' imprisonment followed by 36 months' supervised release—his supervised release began on April 21, 2023. Mr. Calloway was placed on supervised release with several special conditions, including electronic monitoring, restrictions on contact with extremist persons, and polygraph requirements. Starting in April 2025, Mr. Calloway's probation officer reported to the Court, and the parties, several violations by Mr. Calloway. These violations were category C violations, which given the defendant's status in criminal history category III, had a guideline range of 5 to 11 months incarceration. *See* United States Sentencing Guidelines ("U.S.S.G.") § 7B1.4(a). The guideline also allows the Court to revoke the defendant's term of supervised release and extend the defendant's term of supervised release for up to 36 months. *See* 18 U.S.C. §§ 3583(e) and (h), and U.S.S.G. § 7B1.3(a)(2).[1]

---

[1] It is the government's understanding that because this Court sentenced the defendant to the full 36 months of supervised release available in the initial sentencing, it would not be able to extend the period of supervised release under 18 U.S.C. § 3583(e)(2). The Court may, however, revoke

This Court held a hearing on these violations on April 10, 2025, and scheduled a further revocation hearing on April 24, 2025. In the interim, the Probation Officer, Mr. Calloway's counsel and government counsel came to an understanding to place additional conditions on Mr. Calloway, including mental health counseling, to evaluate his compliance, and to continue the hearing.

The parties further agreed that 1) Mr. Calloway would concede his violations, 2) the Government agreed to not seek detention while the Court continued the matter for an additional period of time, and 3) this Court should proceed with resentencing at a time after that date. This Court agreed and continued the matter until June 26, 2025. Based on a further joint motion to continue the revocation hearing, this Court vacated the June 26, 2025 date and a sentencing date was reset by this Court for February 25, 2026

Since the last hearing, government counsel understands from the Probation Officer that Mr. Calloway's has been in compliance with his conditions of supervised release, including his mental health counseling.

**Government's Recommendation**

The defendant's conceded violations were serious, particularly given his prior history with extremist groups and ideology. They also included threats to persons on-line, which led to him having one of his accounts (again) banned by Facebook. Were it not for the defendant's compliance with the revised conditions of release for over eight months, the government would have sought a period of incarceration at the high end of the guideline range. In light of the defendant's progress,

---

and resentence the defendant to a period of incarceration and then place the defendant on an another period of supervised release that would not be greater than the period of supervised release authorized by statute, in this case 36 months, "less any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. § 3538(h).

2

however, the government believes the defendant has benefited from the additional resources provided by probation while on his supervised release and that maintaining those conditions will further ensure the defendant's post-incarceration adjustment. As such, the government requests that the Court revoke the defendant's supervised release and re-sentence him to one day incarceration to be followed by an additional term of supervised release (with the current conditions) of twenty-four months.

                                        Respectfully submitted,

                                        JEANINE FERRIS PIRRO
                                        U.S. ATTORNEY

Date: February 20, 2026     By:     /s/ Tejpal Chawla
                                        TEJPAL CHAWLA
                                          D.C. Bar Number 464012
                                          Assistant United States Attorney
                                          National Security Section
                                          601 D Street NW
                                          Room 5.124
                                          Washington, D.C. 20530
                                          202-252-7280
                                          Tejpal.Chawla@usdoj.gov